**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ISIAH KELLUP** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-CV-01545** |
| | § | |
| **BANK OF AMERICA, N.A.** | § | |

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Isiah Kellup, Plaintiff herein, filing this his Fourth Amended Complaint against Bank of America, N.A., Defendant herein, and for causes of action would respectfully show the Court as follows:

## PARTIES

1.      Plaintiff is an individual who resides in Montgomery County, Texas and may be served with process on the undersigned legal counsel.

2.      Bank of America, N.A. has already made an appearance in this matter.

## JURISDICTION AND VENUE

3.      The parties agree that this Court has jurisdiction and venue over the parties as well as the subject matter of this lawsuit.

## RELEVANT FACTS

4.      The subject matter of the lawsuit is the real property and the improvements thereon located at 29711 Legends Green Drive, Spring, Texas 77386 (the "Property").

5.      Isiah Kellup and his ex-wife, Renata Kellup, (collectively "Borrowers" herein) purchased the Property on or about October 19, 2007 and in conjunction therewith executed a Note in the amount of $196,654.00 ("Note") and a Deed of Trust in which Mortgage Electronic

Registration Systems, Inc. ("MERS") was listed as the beneficiary ("Deed of Trust").    A true and correct copy of the Deed of Trust is attached hereto as Exhibit "1" and incorporated herein for all purposes.  The Note and Deed of Trust and accompanying documents are referred to herein as the Loan.

6.    The Loan was allegedly assigned to Bank of America, N.A. which is also acting as the mortgage servicer of the Loan – Plaintiff disputes that Bank of America, N.A. is a holder in due course of the Note and/or Deed of Trust and demands that Bank of America, N.A. provide for inspection by his expert witness the original Note and Deed of Trust as well as the original of all assignments of same from inception to current date.

7.    Plaintiff's ex-wife, Renata Kellup, and he divorced on or about December 21, 2016, entered by order of the court in case number 16-04-04960 in the County Court at Law No. 3 of Montgomery County, Texas.   Pursuant to the Final Decree of Divorce, Renata Kellup was divested of all right and title to the Property and Plaintiff was awarded sole title to the Property.

8.    During the course of the divorce, Plaintiff began having financial difficulty, but continued to make payments to Bank of America.   However, Plaintiff was then injured and was out of work for several months.

9.    Plaintiff contacted Bank of America to make loss mitigation arrangements and sought to enter into a loan modification agreement.  A Bank of America representative assured Plaintiff that if he gathered and submitted all of the required documents along with a loan modification application, Bank of America would provide a full and fair review of his loan modification application, approve or deny the loan modification application, and provide an opportunity to appeal that decision if needed. The Bank of America representative informed Plaintiff that Bank of America would not have the ability to foreclose on his Property until the

loan modification process was complete (including the appeal if necessary). Additionally, the Bank of America representative stated that she was memorializing the conversation in her notes and that the agreement to defer any foreclosure proceedings pending loan modification review was being reduced to writing, signed by her supervisor, and promptly mailed to Plaintiff - Plaintiff continues to await that agreement.

10.     Bank of America began sending correspondence to his ex-wife at her new address and stopped sending correspondence to Plaintiff at the Property. Plaintiff contacted Bank of America and informed them that he was awarded the Property in the divorce, provided them with a copy of the divorce papers, and requested they send correspondence to Plaintiff at the Property. However, Bank of America continued to send correspondence to Plaintiff's ex-wife but not Plaintiff.

11.     Plaintiff made a payment to Bank of America in August 2017 for approximately $2200.  However, Plaintiff later learned from his ex-wife that Bank of America rejected all of the funds and sent the money to his ex-wife instead of him.

12.     Plaintiff submitted a completed loan modification application to Bank of America in November 2017.  To date, Plaintiff has not received an approval or rejection letter from Bank of America regarding the status of his loan modification application nor was he provide the opportunity to appeal that decision as he was assured he would be. Moreover, posting the Property for foreclosure sale without providing Plaintiff proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration of debt, and notice of foreclosure sale violates the Texas Property Code as well as Plaintiff's due process rights, and the terms and conditions of the Deed of Trust.

13.     Instead, Bank of America posted Plaintiff's Property for the May 1, 2018 foreclosure sale date in violation of the agreements of the parties, Texas law, RESPA, and the Deed of Trust.

## CLAIMS

### AGENCY & RESPONDEAT SUPERIOR

14.     Wherever it is alleged that Defendant did anything, or failed to do anything, it is meant that such conduct was done by Defendant's employees, vice principals, agents, attorneys, and/or affiliated entities, in the normal or routine scope of their authority, or ratified by Defendant, or done with such apparent authority so as to cause Plaintiff to reasonably rely that such conduct was within the scope of their authority. Plaintiff did rely to Plaintiff's detriment on Defendant's representatives being vested with authority for their conduct. Defendant is vicariously liable for the conduct of their employees, vice principals, agents, attorneys, affiliated entities, and representatives of Defendant's affiliated entities by virtue of respondeat superior, apparent authority, and estoppel doctrines.

### FIRST CAUSE OF ACTION:
### DECLARATORY JUDGMENT

15.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 14 as if set forth fully herein.

16.     Plaintiff seeks a determination of the rights of the parties pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.001 (West).

17.     In particular, Plaintiff seeks a determination that the pending foreclosure sale of their Property is wrongful because Defendant failed to properly follow the procedure as set forth in the Texas Property Code.

18.     Further, Plaintiff seeks a determination that the pending foreclosure sale of his

Property is wrongful because Defendant promised that they would take no action whatsoever to foreclose on his Property until his loan modification application has been properly reviewed and accepted or rejected.

### SECOND CAUSE OF ACTION:
### <u>BREACH OF DUTY OF COOPERATION</u>

19.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 18 as if set forth fully herein.

20.     Texas law recognizes a duty to cooperate that "is implied in every contract in which cooperation is necessary for performance of the contract." This duty "requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 770 (Tex. App.—Dallas 2005, pet. denied).

21.     As described above, Defendant misled Plaintiff with oral and written representations regarding his Loan, representations that were untrue. These misrepresentations caused Plaintiff to believe he was performing in compliance with his obligation when in fact, Defendant did not provide Plaintiff with the information he needed to properly perform his obligations of the Loan. Defendant has therefore breached the implied duty of cooperation. Plaintiff has suffered actual damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses, overcharges, and penalties.

**THIRD CAUSE OF ACTION:**
**BREACH OF FIDUCIARY DUTY**

22.    To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 21 as if set forth fully herein.

23.     First, it is axiomatic that to establish a breach of fiduciary duty, a plaintiff must first show a fiduciary relationship between herself and the Defendants. *See Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).  The elements of a breach of fiduciary duty claim are: (i) a fiduciary relationship between the plaintiff and Defendants; (ii) the Defendants must have breached his fiduciary duty to the plaintiff; and (iii) the Defendants breach must result in injury to the plaintiff or benefit to the defendant. *Id*.

24.    The loan documents between lender and borrower create a fiduciary relationship in which lender is required to act in the borrower's best interest, ahead of its own, as a result of borrower tendering funds to lender which are supposed to be properly deposited and applied to the borrower's account.

25.     In the instant lawsuit, as stated above, Defendant promised that they would take no action whatsoever to foreclose on his Property until his loan modification application has been properly reviewed and accepted or rejected – they did just that in violation of their promise to Plaintiff in breach of their fiduciary duty thereby causing Plaintiff's injury.

**FOURTH CAUSE OF ACTION:**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

26.    To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 25 as if set forth fully herein.

27.    In the instant lawsuit, as stated above, Defendant promised that they would take no action whatsoever to foreclose on his Property until his loan modification application has been

properly reviewed and accepted or rejected. Nevertheless, Bank of America, N.A. proceeded to sell Plaintiff's Property at a foreclosure sale instead of treating Plaintiff fairly by properly reviewing and accepting or rejecting his loan modification application thereby resolving the issue in good faith.

**FIFTH CAUSE OF ACTION:**
**<u>BREACH OF CONTRACT</u>**

28.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 27 as if set forth fully herein.

29.     The actions committed by Defendant constitutes breach of contract because:

A.     There exists a valid, enforceable contract (in addition to the Deed of Trust) between Plaintiff and Defendant whereby Defendant agreed to provide a full and fair review of Plaintiff's loss mitigation application as well as an appeal (if needed) if he was able to gather and submit the required documents and a loss mitigation application;

B.     Plaintiff has standing to sue for breach of contract;

C.     Plaintiff performed his contractual obligations under the Deed of Trust as well as submitting his loss mitigation application in November 2017;

D.     Defendant breached the parties' agreement by not providing a full and fair review of Plaintiff's loss mitigation application as well as violating paragraph 13 of the Deed of Trust by failing to send all required foreclosure notices to Plaintiff at the proper address; and

E.     The breaches of contract by Defendant caused Plaintiff's injury – actual damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost,

interest on the balance of unpaid mortgage payments since the filing of this

lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses,

overcharges, and penalties.

### SIXTH CAUSE OF ACTION:
### <u>VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT</u>

30.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the

allegations made in paragraphs 1 through 29 as if set forth fully herein.

31.     This includes an action for violations of the Texas Debt Collection Act ("TDCA")

against Defendants. *See* Tex. Fin. Code §§ 392.001 et seq.

32.     Plaintiff is a "consumer" within the meaning of Section 392.001 of the Texas

Finance Code, and the debt in question relating to the Property is a "consumer debt" within the

meaning of such statute.

33.     Defendant is a debt collector. "Debt collection" is defined as the act or practice

"in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a

creditor." A "debt collector" therefore includes a creditor who is collecting its own debt. *Smith*

*v. Heard*, 980 S.W.2d 693, (Tex. App.—San Antonio, 1998, pet. denied) (A creditor is not

excused

from following the provisions of the TDCA on the basis that the debt is owed directly to the

creditor).

34.     The acts, omissions, and conduct of Defendant, as alleged above, herein, and

below, constitute violations of the following provisions of the TDCA:

> A. Threatening to take an action prohibited by law, specifically seeking to
>
> sell the Property at a foreclosure sale in violation of state law. *See* Tex.
>
> Fin. Code §§ 392.301(a)(8).

B. Using a fraudulent, deceptive, or misleading representation that misrepresent[s] the character, extent, or amount of a consumer debt." Tex. Fin. Code § 392.304(a)(8).

C. Misrepresenting the status or nature of the services rendered by the debt collector. *See* Tex. Fin. Code § 392.304(a)(14).

D. Using other false representation or deceptive means to collect a debt. *See* Tex. Fin. Code § 392.304(a)(19).

35.     Defendant seeks to sell the Property at a foreclosure sale while at the same time committing fraud and breach of contract in violation of Texas law.

36.     Additionally, Defendant made significant types of misrepresentations to Plaintiff about the status of his loan and its own services constituting violations of TDCA Sections 392.304(a)(8), 392.304(a)(19), and 392.304(a)(14).

37.     First, Defendant represented to Plaintiff that he could apply for and be considered for a loan modification. However, Plaintiff has not been given notification in writing that he was either approved or denied for his modification.  Each time this representation was made, it was false, misleading, and deceptive in violation of TDCA Section 392.304(a)(8).

38.     Also, Defendant represented that Plaintiff could make payments in a specific amount pursuant to his Loan.  Defendant then rejected his payment.  Each time this representation was made to Plaintiff, the representation constituted a false, misleading, and deceptive debt collection practice in violation of TDCA Section 392.304(a)(19).

39.     Further, Defendant made misrepresentations about the information in his Loan, these statements were misrepresentations not only about the status of Plaintiff's Loan, but also the status and nature of services that Defendant and its representatives could provide to him. Therefore,

these misrepresentations also violated TDCA Section 392.304(a)(14).

40.     As a result of these violations of the TDCA, Plaintiff is entitled to relief provided by Section 392.403, including but not limited to recovery of all actual damages sustained as a result of violations of the TDCA, all actual direct and indirect economic damages, damages for lost time, damages for mental anguish and emotional distress, damages resulting from payment of excess or additional interest, and any consequential damages. Plaintiff is also entitled to exemplary damages and attorneys' fees. *See* Tex. Fin. Code § 392.403.

**SEVENTH CAUSE OF ACTION:**
**<u>COMMON LAW FRAUD</u>**

41.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 40 as if set forth fully herein.

42.      The actions committed by Defendant constitutes common law fraud because Defendant made false and material representations to Plaintiff by, among other things, misstating and mischaracterizing the various modification options Plaintiff could undertake with regard to his loan.  Defendant knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, Defendant made these representations with the intent that Plaintiff act on them and Plaintiff relied on these representations which caused Plaintiff's injury – actual damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses, overcharges, and penalties.

## EIGHTH CAUSE OF ACTION:
### PROMISSORY ESTOPPEL

43.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 42 as if set forth fully herein.

44.     The actions committed by Defendants constitute promissory estoppel because:

A.     Defendant made a promise to Plaintiff whereby Defendant agreed to provide a full and fair review of Plaintiff's loss mitigation application as well as an appeal (if needed) if he submitted a loss mitigation application;

B.     Defendant promised to have a written agreement which represented this promise signed by a supervisor and mailed to Plaintiff;

C.     Plaintiff reasonably and substantially relied on the promise to his detriment;

D.     Plaintiff's reliance was foreseeable by Defendant; and

E.     Injustice can be avoided only by enforcing Defendant's promise.

## NINTH CAUSE OF ACTION:
### NEGLIGENT MISREPRESENTATION

45.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 44 as if set forth fully herein.

46.     The elements of a claim for negligent misrepresentation are: (1) the representation is made by a defendant in the course of its business, or in a transaction in which it has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant does not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the

representation. *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

47.     In the course of their businesses and in a transaction in which it had a pecuniary interest, Defendant represented to Plaintiff that they would provide a full and fair review of Plaintiff's loss mitigation application as well as an appeal (if needed) if he submitted his loss mitigation application.  Plaintiff relied on these representations from Defendant and acted accordingly.  Defendant then pursued foreclosure against Plaintiff.  The information provided by Defendant to Plaintiff was false.  At best, Defendant supplied this information without exercising reasonable care or competence in their communications with Plaintiff.  Plaintiff relied on these representations which caused Plaintiff's injury – actual damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses, overcharges, and penalties.

**TENTH CAUSE OF ACTION:**
**<u>VIOLATION OF RESPA/REGULATION X</u>**

48.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 47 as if set forth fully herein.

49.     The Real Estate Settlement Procedures Act ("RESPA") dictates that "[a] loan servicer shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application." 12 C.F.R. §1024.41(b)(1). Additionally, a loan servicer must "[n]otify the borrower in writing within 5 days after receiving the loss mitigation application ... that the servicer has determined that the loss mitigation application is incomplete". *Id.* §1024.41(b)(2)(i)(B).

50.     Further, RESPA prohibits a loan servicer from *making* the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process if the

borrower submits a "complete loss mitigation application" during the 120-day pre-foreclosure review period or before the servicer has made the first notice of filing.  *Id*. §1024.41(f). Additionally, RESPA prohibits a loan servicer from *moving* for foreclosure if the borrower submits a "complete loss mitigation application" after the servicer has made the first notice or filing but more than 37 days before a foreclosure sale unless:

> (a)  the servicer has sent the borrower a notice that the borrower is not eligible for any loss mitigation option and the appeal process of the pertinent section is not applicable;
>
> (b)  the borrower has not requested an appeal within the applicable time period, or
>
> (c)  the borrower's appeal has been denied.  Id. **§**1024.41(f) - (g).

51.    As such, the actions committed by Defendant are a violation of RESPA because:

> A.     Plaintiff was working with Defendant pursuing loss mitigation options;
>
> B.     Defendant did not exercise reasonable diligence in obtaining all documents needed to complete Plaintiff's loss mitigation application;
>
> C.     Plaintiff submitted a complete loss mitigation application prior to Defendant's first notice of filing;
>
> D.     Alternatively, Plaintiff submitted a complete loss mitigation application more that 37 days prior to the foreclosure sale;
>
> E.     Defendant never notified Plaintiff within 5 days after submission of missing documents that his application was incomplete;
>
> F.     Defendant completed the violation by *making* the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process and posting  Plaintiff's Property for foreclosure sale on May 1,

2018;  and

G.      This violation caused Plaintiff to incur actual damages which include, but
are not limited to, loss of alternative loss mitigation options, violating
Plaintiff's due process rights, litigation cost, interest on the balance of
unpaid mortgage payments since the filing of this lawsuit, damage to
Plaintiff's credit, and numerous erroneous expenses, overcharges, and
penalties.

**ELEVENTH CAUSE OF ACTION:**
**NO NOTICE OF DEFAULT/NOTICE OF ACCELERATION**

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51, above, as if fully set forth herein.

53.     The holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as the notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured or else the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowner a clear and unequivocal acceleration notice. Effective acceleration requires two acts: (a) notice of intent to accelerate and (b) notice of acceleration.

54.     The actions committed by Defendant constitute a violation of the Texas Property Code because Plaintiff never received proper notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration of the debt, and notice of substitute trustee's sale which is required before the noteholders are allowed to foreclose. As a direct result, Defendant violated Plaintiff's due process rights.

## TWELFTH CAUSE OF ACTION:
## <u>VIOLATION OF TEXAS PROPERTY CODE §5.065</u>

55.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 54 as if set forth fully herein.

56.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

57.     The actions committed by Defendant constitute a violation of the Texas Property Code §5.065 because Defendant never sent proper notice of default, the opportunity to cure the default, and notice of intent to accelerate the debt which would allow Defendant to foreclose.

## THIRTEENTH CAUSE OF ACTION:
## <u>VIOLATION OF TEXAS PROPERTY CODE §51</u>

58.     To the extent not inconsistent herewith, Plaintiff incorporates by reference the allegations made in paragraphs 1 through 57 as if set forth fully herein.

59.     Pursuant to the provisions of the Texas Property Code, the holder of a note must ordinarily give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. A proper notice of default must give the borrower notice that the alleged delinquency must be cured; otherwise, the

loan will be accelerated and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the home owners clear and unequivocal acceleration notice. Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.

60.     The actions committed by Bank of America constitutes violations of the Texas Property Code §51 because Bank of America never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale which are required in order for Nationstar to foreclose on its lien rights to the Property.

61.     Additionally, Bank of America wrongfully foreclosed on Plaintiff's Property. Nationstar failed to give Plaintiff the proper notices and sold Plaintiff's Property for a grossly inadequate price in relation to the Property's fair market value.

## DAMAGES:
## ACTUAL DAMAGES

62.     Plaintiff is entitled to recover his actual damages from Defendant for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

63.     Plaintiff faces loss of equity in the Property if Defendant is permitted to foreclose. Plaintiff suffered lost time damages as a direct result of attempting to save the Property and in connection with the threat of foreclosure.  Plaintiff also suffered economic damages which include, but are not limited to, loss of alternative loss mitigation options, violating Plaintiff's due process rights, litigation cost, interest on the balance of unpaid mortgage payments since the filing of this lawsuit, damage to Plaintiff's credit, and numerous erroneous expenses, overcharges, and penalties.

64.     Further, Plaintiff suffered mental anguish damages in connection with Defendant's TDCA violations and threat to foreclose on his Property. Plaintiff's mental anguish caused a substantial disruption in his daily routine and job performance. Specifically, the mental anguish caused by the improper conduct, Plaintiff's frustrated efforts to resolve the improper conduct, and the threatened foreclosure sale, interfered with Plaintiff's ability to sleep and perform his normal daily activities.

**NOMINAL DAMAGES**

65.     Plaintiff is entitled to recover his nominal damages from Defendant, associated with Plaintiff's cause of action for Violation of RESPA/Regulation X, for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court.

**EXEMPLARY DAMAGES**

66.     Plaintiff is entitled to recover his exemplary damages from Defendants for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this Court. *See Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1011 (5th Cir. 1998); *Enis v. Bank of Am., N.A.*, No. 3:12-CV- 0295-D, 2012 WL 4741073, at *8 (N.D. Tex. Oct. 3, 2012) (Fitzwater, J.).

**ATTORNEYS' FEES**

67.     Pursuant to Section 392.403 of the Texas Finance Code, Plaintiff is entitled to recover attorneys' fees reasonably related to the amount of work performed and costs, for all actions in the trial court, the Court of Appeals, and the Texas Supreme Court.

68.     Plaintiff was forced to employ the undersigned attorneys to represent him and has agreed to pay them reasonable attorneys' fees for their services. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code for which Plaintiff pleads in an amount which does not exceed the jurisdictional limits of this

Court.

## **CONDITIONS PRECEDENT**

69.     All conditions precedent to the Plaintiff's right to bring these causes of action have

been performed, have occurred, or have been waived.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that upon final

hearing or trial hereof, the Court order a judgment in favor of Plaintiff against Defendant for his

actual damages, nominal damages, exemplary damages, reasonable attorneys' fees, all costs of

court, and such other and further relief, both general and special, at law or in equity, to which

Plaintiff may be entitled.

Respectfully submitted,

VILT AND ASSOCIATES, P.C.

By: /s/ Robert C. Vilt_____
ROBERT C. VILT
Texas Bar Number 00788586
Email:  clay@viltlaw.com
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone:     713.840.7570
Facsimile:      713.877.1827
ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 24, 2018 the foregoing was filed with the Court via the CM/ECF system and that the Clerk of the Court will forward a copy of same to the following CM/ECF users:

      Kathryn B. Davis
      Winston & Strawn LLP
      1111 Louisiana Street, 25th Floor
      Houston, TX 77002

                       */s/ Robert C. Vilt*
                       ROBERT C. VILT